UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| FRANSHON STAPLETON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 25-2249 |
| ) | |
| MICHAEL MIHM, ) | |
| ) | |
| Defendant. ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se and presently incarcerated at Atwater U.S. Penitentiary, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that Judge Mihm "sabotaged" his Section 2255 habeas petition or otherwise engaged in judicial misconduct that resulted in his false imprisonment and exposure to inhumane conditions of confinement. Plaintiff alleges that Judge Mihm allowed Judge Shadid to "illegally appear" in his criminal case.

Habeas corpus is the exclusive remedy for Plaintiff to the extent that he challenges his conviction or the reasons he was incarcerated. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for individuals challenging a fact or duration of confinement and seeking immediate or speedier release from custody). Claims for money damages arising from claims cognizable in habeas do not accrue unless and until a plaintiff has successfully challenged the conviction via habeas corpus. *Heck v. Humphrey*, 512 U.S. 477 (1994).

No plausible inference arises that Judge Mihm was responsible for the alleged conditions at any prison in which Plaintiff was so housed, and the fact that Judge Mihm may have presided over a case that resulted in his incarceration does not make him liable. The Court finds that Plaintiff fails to state a claim upon which relief can be granted.

Per the standard practice in this Circuit, the Court would ordinarily grant Plaintiff an opportunity to amend his complaint. Because Plaintiff's exclusive remedy lies in a habeas corpus action and the defendant he named is not prison officials, the Court finds that any amendment would be futile.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile. This case is therefore terminated. All pending motions are denied as moot. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

2) **This dismissal may count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.**

3) **Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.**

4) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A**

**motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 6th day of February, 2026.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE
